**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**DETROIT OFFICE**

| | | |
|---|---|---|
| **CATHLEEN KENTALA,** | ) | |
| | ) | **2:17-cv-10152** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MARY JANE M. ELLIOT, P.C.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES the plaintiff, CATHLEEN KENTALA, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, MARY JANE M. ELLIOT, P.C., the plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.    JURISDICTION & VENUE

2.    Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4.    CATHLEEN KENTALA, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Plymouth, County of Wayne, State of Michigan.

5.    The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Credit One Bank (hereinafter, "the Debt").

6.      The Debt was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7.      Upon information and belief, Midland Funding, LLC, purchased, acquired and/or otherwise obtained the Debt for the purpose of collection from Plaintiff.

8.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9.      MARY JANE M. ELLIOT, P.C., (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Michigan.  Defendant's principal place of business is located in the State of Michigan.

10.     Midland Funding, LLC, retained the services of Defendant to collect the Debt from Plaintiff.

11.     The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

12.     Upon information and belief, Defendant was hired by Midland Funding, LLC, to collect the Debt from Plaintiff.

13.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14.     During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

15.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

16.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.     ALLEGATIONS

17.     On or about December 6, 2016, after reviewing her credit report and in an attempt to improve her credit rating, Plaintiff made a telephone call to Defendant in order to settle the Debt.

18.     Upon calling Defendant, Plaintiff spoke to a person who identified herself as "Joanne C." a duly authorized representative of Defendant.

19.     On or about December 6, 2016, during the course of a telephone call between Defendant and Plaintiff, Defendant stated that there was a judgment against Plaintiff for the Debt in the amount of $591.00.

20.     The aforementioned representation had the effect of conveying to an unsophisticated consumer that a judgment for the Debt had been entered against her.

21.     Defendant's representations, as delineated above, were false, deceptive and misleading given that there was no judgment entered against her for the Debt.

22.     Defendant's representations, as delineated above, misrepresented the character, amount, and/or legal status of the Debt given that on or about December 2, 2016, a lawsuit had been initiated by Defendant against Plaintiff.  However, at the time of Defendant's aforesaid representations, there had yet to be service of the complaint and summons upon Plaintiff and there had been no judgment entered against her.

23.     The aforesaid misrepresentation was a material misrepresentation because the status of the Debt being a judgment or just a newly filed lawsuit would have a direct effect on the

consumer's desire to promptly pay the Debt or determine whether to prepare a defense for the lawsuit filed against her.

24.    Plaintiff suffered a real and concrete harm as a result of Defendant's conduct in that being provided false information that there exists a judgment against her caused anxiety and mental distress.  Congress enacted the FDCPA, in part, to protect consumers from false and misleading statements by debt collectors, and in so doing created an injury such as the one Plaintiff suffered herein.

25.    In its attempts to collect the debt allegedly owed by Plaintiff to Midland Funding, LLC., Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a.  Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b.  Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    c.  Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    d.  Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    e.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

26.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

27.    Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CATHLEEN KENTALA, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a.    All actual compensatory damages suffered;

b.    Statutory damages of $1,000.00;

c.    Plaintiff's attorneys' fees and costs;

d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**CATHLEEN KENTALA**


By:    s/ David M. Marco
       Attorney for Plaintiff

Dated: January 17, 2017

David M. Marco
IL Atty. No.: 6273315/FL Atty. No.: 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithmarco.com